FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUL 11 PM 2:00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSELITO MADRIAGA LIM** | CIVIL CASE NO.: **02-2126** |
| **VERSUS** | SECTION **SECT. J MAG 5** |
| **OFFSHORE SPECIALTY FABRICATORS, INC.** | MAGISTRATE |

### COMPLAINT

**(1)**

**NOW COMES Plaintiff,** Joselito Madriaga Lim, by and through his undersigned counsel of record in the above styled and numbered cause and files this Complaint against Offshore Speciality Fabricators, Inc., Defendant, and states unto the Court the following to-wit:

### PARTIES

**(2)**

Joselito Madriaga Lim is an adult resident and citizen of the Republic of the Philippines.

**(3)**

Offshore Specialty Fabricators, Inc. is a Louisiana corporation authorized to do and doing business in the state of Louisiana and which is in good standing with the Secretary of State of the state of Louisiana, and which may be served with process through its agent for service of process, Rocky Henderson at 115

Menard Road, Houma, Louisiana 70363.

## FACTS

(4)

At all times relevant hereto, Offshore Specialty Fabricators, Inc. was the employer of plaintiff, and was and is in the business of manufacturing parts and equipment for use in various oil and gas exploration ventures. At all times relevant hereto, defendant was an enterprise engaged in commerce, which has had at all times pertinent hereto, and continues to have, employees engaged in commerce and, during all times pertinent hereto, has had an annual gross volume of sales not less than $500,000 per year, all as more specifically defined in the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

(5)

Plaintiff was at all times pertinent hereto an employee of defendant as the term "employee" is defined in the Fair Labor Standards Act of 1938, as amended, and plaintiff is and was entitled to the protections and benefits provided by said Act.

(6)

This petition is filed with this Honorable Court pursuant to authority provided by 29 U.S.C. § 216(b).

(7)

The Plaintiff, Joselito Madriaga Lim, was hired to work as a machinist and equipment operator and while employed he used various machines, including lathes, to manufacture parts. He also did welding work. The plaintiff worked from December 24, 2001 until March 29, 2002. His contract required that he work a minimum of forty eight (48) hours per week for a basic monthly wage of $895.00, and guaranteed

overtime pay of $268.50 for 105 hours of overtime. Thus, plaintiff's normal contractual work month consisted of 313 hours, for a total compensation of $1,163.50, which computes to an hourly rate of $3.72.

(8)

Defendant has violated the minimum wage requirements of the Fair Labor Standards Act, by failing to pay plaintiff the current minimum hourly wage of $5.15. Plaintiff is entitled to recover, for each hour worked up to 40 hours in any given work week, an amount equal to the difference between his actual hourly rate of compensation, and the legally mandated minimum hourly wage. Additionally, defendant employed the plaintiff in connection with the business of Offshore Specialty Fabricators, Inc., for many work weeks longer than forty (40) hours each and failed and refused to compensate the plaintiff for such work in excess of forty (40) hours at an hourly rate of not less than one and one-half (1 ½) times the regular rate at which he was employed, contrary to the provisions of Section 7(a) of the Fair Labor Standards Act (29 USC Section 207(a)).

(9)

Based on information and belief the Plaintiff, Joselito Madriaga Lim, worked from December 24, 2001 to March 29, 2002, and was required to work 12 hours a day, seven days a week, consisting of a work week of 84 hours per week. For each such week worked, plaintiff has 44 hours of overtime for which he is owed one and one-half (1 ½) the minimum legal hourly rate of pay, or $7.73 per hour. The Plaintiff further believes that from December 24, 2001 to March 29, 2002 the Defendant owes a minimum of 740 hours of overtime at one and one-half (1 ½) his hourly rate, or the minimum legal hourly rate, whichever is higher. In addition, Plaintiff alleges that there is due and owing to him amounts of money for

underpayment of minimum wage, overtime compensation, liquidated damages, and fees and expenses of counsel the approximate sum of which is not known at this time, all going back for the prior period of thirty-six (36) months prior to the commencement of this action.

(10)

Defendant additionally required plaintiff to stay in and on the defendant's premises at all times, for the convenience and employment related purposes of the defendant. Plaintiff was denied the right to use his non-working hours for any personal purpose, and was basically incarcerated by employer. Plaintiff is entitled to be compensated for each of these hours.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that judgment be entered herein against the defendant for an amount of money which represents the actual damages of the Plaintiff along with statutory liquidated damages in an amount equal to plaintiff's actual damages together further with fees and expenses of counsel, and all costs of Court.

Respectfully Submitted:

**POYNTER, MANNEAR, & COLOMB, PLC**
5757 Corporate Blvd., Suite 301
Baton Rouge, Louisiana 70808
Phone: (225) 344-6733
Fax: (225) 344-3312

BY: _/s/ W. Steven Mannear_
W. Steven Mannear, Trial Attorney (Bar Roll No. 9098)
Michael A. Colomb (Bar Roll No. 1035)

&

DODSON, HOOKS & CASKEY, PLC
5757 Corporate Blvd., Suite 301
Baton Rouge, Louisiana 70808
Phone: (225) 344-0633
Fax: (225) 336-0330

BY: _____
Richard J. Dodson (Bar Roll No. 4982)
Kenneth H. Hooks, III (Bar Roll No. 25097)
C. John Caskey (Bar Roll No.